JOHN L. BURRIS, ESQ., (SBN 69888)
DeWITT M. LACY, ESQ., (SBN 258789)
**THE LAW OFFICES OF JOHN L. BURRIS**
AIRPORT CORPORATE CENTRE
7677 OAKPORT STREET, SUITE 1120
OAKLAND, CALIFORNIA 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
dewitt.lacy@johnburrislaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| MONICA ORTIZ, individually and as co-successor-in-interest to Decedent CHRISTIAN PENA,<br><br>        Plaintiff,<br>v.<br><br>CITY OF RIALTO, a municipal corporation; CESAR VIZARRA, individually and his official capacity as an officer for the CITY OF RIALTO Police Department; JORGE BRAMBILA, individually and in his capacity as an officer for the CITY OF RIALTO Police Department; DOES 1-10, inclusive; individually and in their capacities as law enforcement agents and/or personnel for the CITY OF RIALTO Police Department,<br><br>        Defendants | Case No.: 5:16-cv-01384<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C. § 1983 and pendent tort claims)<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. This cause of action arose after CITY OF RIALTO police officers, CESAR VIZARRA and JORGE BRAMBILA used unwarranted and excessive force against Decedent

CHRISTIAN PEÑA by tasing him multiple times and shooting him. Defendant Officers VIZARRA and BRAMBILA tased and shot Decedent PEÑA while he was on the floor and subdued by Defenant Officers. As a result of the actions of said CITY OF RIALTO Police Officers, Decedent PEÑA sustained injuries which ultimately caused his death.

## JURISDICTION

1.  This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Section 1331 and 1343. The unlawful acts and practices alleged herein occurred in Rialto, California, which is within this judicial district.

## PARTIES

2. At all times relevant to this Complaint, Plaintiff, MONICA ORTIZ (hereinafter "ORTIZ"), is, and at all times herein mentioned, was a United State citizen. Plaintiff is the surviving spouse of decedent, CHRISTIAN PENA (hereinafter "Decedent" or "PEÑA").

3. Defendants CITY OF RIALTO (hereinafter "CITY") is and at all times herein mentioned is a municipal entity duly organized and existing under the laws of the State of California. Under its authority, CITY operates the City of Rialto Police Department.

4. At all times herein mentioned defendant, CESAR VIZARRA (hereinafter "VIZARRA") is an officer of the CITY Police Department. VIZARRA is, and at all times mentioned herein, an employee of the CITY. He is being sued individually and in his official capacity as an officer of the CITY Police Department.

5. At all times herein mentioned defendant, JORGE BRAMBILA (hereinafter "BRAMBILA") is an officer of the CITY Police Department. BRAMBILA is, and at all times mentioned herein, an employee of the CITY. He is being sued individually and in his official capacity as an officer of the CITY Police Department.

6. Plaintiff is ignorant of the true names and/or capacities of Defendants sued herein

as DOES 1-10, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE Defendants are legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each Defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false arrests. Each Defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint subject to further discovery. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

7. For State causes of action related to Federal claims, Plaintiff is required to comply with an administrative claim requirement under California law. Plaintiff has complied with all applicable requirements.

**FACTS**

8. On October 2, 2015 Plaintiff ORTIZ was returning home to the Harvest Glen Apartment Complex located at 200 South Linden Avenue in Rialto, California, after a morning of running errands. Her husband Decedent PEÑA was visiting ORTIZ at the time. Soon after her return, Plaintiff ORTIZ and Decedent PEÑA began to argue.

9. Before long, the couple's downstairs neighbor Gloria began knocking at ORTIZ'S

front door. In an effort to diffuse the situation, she invited Plaintiff ORTIZ to come downstairs with her under the guise of discussing some videos that Gloria had previously borrowed. Reluctantly, ORTIZ used her neighbor Gloria's telephone to call the police reporting that she and Decedent PEÑA were having a domestic dispute.

10. Defendants VIZARRA and BRAMBILA responded to Plaintiff ORTIZ's neighbor Gloria's apartment. After questioning Plaintiff ORTIZ the Defendant Officers asked her to come upstairs with them and allow them entry into her apartment where Decedent PEÑA was waiting for her. After unlocking the door for the officers, ORTIZ was instructed to stay outside while the officers questioned her husband.

11. Decedent PEÑA was sitting on the living room couch and talking on his cell phone when the Defendant Officers entered the apartment. Decedent PEÑA was surprised by the sudden presence of policemen in the residence. Consequently, he jumped to his feet and began to shout, "Get out of my apartment!" From the threshold of the unit, ORTIZ could hear the officers respond, sternly commanding PEÑA to, "Sit down!" and "Stay still!" Defendant VIZARRA and BRAMBILA repeated their commands with increasing ferocity. As the voices coming from inside of the apartment began to grow louder and louder, Plaintiff ORTIZ approached the doorway and looked into her apartment through the open front door.

12. ORTIZ witnessed, Decedent PEÑA was on the floor and the two officers were struggling to subdue him further. Defendants VIZARRA and BRAMBILA noticed ORTIZ peering into the apartment from the doorway and commanded that she, "Go downstairs!" Before ORTIZ could comply with the command, she saw one of the officers reach for a weapon on his utility belt and aim it at Decedent PEÑA. ORTIZ tried to tell the Defendant officers this was unnecessary but before she could complete her sentence, VIZARRA and/or BRAMBILA pulled

the trigger of his weapon, tasing Decedent PEÑA.

13.     Almost immediately after the first officer deployed his taser, the second Defendant Officer also tased Decedent PEÑA.  They continued in this fashion, each tasing Decedent PEÑA at least four times.  From the doorway, ORTIZ observed her husband's body violently thrash on the ground as the electric current of the tasers passed through his body.  As he lay convulsing on the floor with tears in his eyes, Decedent PEÑA cried out, "Stop, it hurts!" over and over while the officers continued to tase him.

14.     At this time, additional officers responded to the scene and began to forcibly escort ORTIZ away from her unit.  She had made it half way down the staircase to the ground floor when she heard the sound of a gunshot ring out from inside of her apartment.  Plaintiff ORTIZ attempted to turn around and force her way back up the stairs and past the officers.  She was prevented from doing so and led across the complex to a neighboring building where she was instructed to wait.

15.     Plaintiff ORTIZ begged the surrounding officers for information about her husband Decedent PEÑA.  However, none of the officers would respond to her.  Sometime later, an ambulance arrived at the scene.  ORTIZ witnessed Decedent PEÑA's body being removed from her apartment on a gurney.  She was not informed of his death for at least two more hours.

**DAMAGES**

16.     As a consequence of Defendants' violation of Plaintiff's federal civil rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution, Plaintiff MONICA ORTIZ was mentally and emotionally injured and damaged as a proximate result of decedent's wrongful death, including, but not limited to: Plaintiff's loss of familiar relations, decedent's society, comfort, companionship, love affection, solace, and moral support.

17. Decedent PEÑA' suffered wrongful arrest, wrongful detention and substantial physical injuries. As a further proximate result of Defendants' conduct, Decedent incurred damages caused by the assault, battery and his wrongful detention. Plaintiff ORTIZ suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of sense of security, dignity, and pride as a United States Citizen.

18. The conduct of Defendants was malicious, wanton, and oppressive. Plaintiff is therefore entitled to and aware of punitive damages against said Defendants.

### FIRST CAUSE OF ACTION

### Violation of Fourth Amendment of the United States Constitution

### (42 U.S.C. Section 1983)

(Plaintiff against VIZARRA, BRAMBILA, and Defendant DOES 1-10)

19. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 19 of this Complaint.

20. In doing the acts complained of herein, Defendants and DOES 1-10, inclusive, and/or each of them, acted under color of law to deprive Decedent of his Fourth Amendment right to be free from unlawful seizure.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION

### Violation of Fourth Amendment of the United States Constitution

### (42 U.S.C. Section 1983)

(Plaintiff against Defendants VIZARRA, BRAMBILA, and DOES 1-10)

21. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20 of this Complaint.

22. Defendants' above-described conduct, violated Decedent's right as provided for under the Fourth Amendment to the United States Constitution to be free from excessive force and/or the arbitrary and/or unreasonable use of deadly force against him.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

### (Wrongful Death)

### (42 U.S.C. § 1983)

(Plaintiff against Defendants CITY OF RIALTO and DOES 1-10)

23. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 23 of this Complaint.

24. Defendants VIZARRA and BRAMBILA acted under the color of law by shooting and killing decedent without lawful justification and subjecting Decedent to excessive force thereby depriving Plaintiff and the decedent of certain constitutionally protected rights, including, but not limited to:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution;

   c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth and Fourteenth Amendments to the United States

Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

**(Violation of Plaintiff's Civil Right to Familial Relationship)**

**(42 U.S.C. § 1983)**

(Plaintiff against Defendants VIZARRA, BRAMBILA, and DOES 1-10)

25.   Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 24 of this Complaint.

26.   Defendants, acting under color of state law, and without due process of law, deprived Plaintiff of her right to familial relationship by seizing decedent by use of unreasonable, unjustified, and deadly force and violence, causing injuries, which resulted in decedent's death, all without provocation in violation of the rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

**(Monell)**

**(42 U.S.C. § 1983)**

(Plaintiff against Defendants CITY and DOES 1-10)

27.   Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 26 of this Complaint.

28.   As against Defendants CITY and/or DOES 1-10 and/or each of them, individually

and/or in their capacities as official policy-maker(s) for the CITY, including the Chief of Police. Plaintiffs further allege that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of Defendant CITY tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the Constitutional rights of citizens, such as Plaintiff.

29. Plaintiffs are informed and believe and thereon allege that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by defendants CITY, DOES 1-10 and/or each of them, to the repeated violations of the constitutional rights of citizens by Rialto Police Department officers.

30. The aforementioned deliberate indifference, customs, policies or practices of defendants CITY, DOES 1-10, and/or each of them, resulted in the deprivation of the constitutional rights of the decedent and plaintiffs, including, but not limited to the following:

    a. The right not to be deprived of life, liberty, or property without Due Process of Law;

    b. The right to be free from unreasonable searches and/or seizures; and/or

    c. The right to the equal protection of the law;

    d. The right to familiar relationships;

    e. The right to enjoy civil and statutory rights

    f. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

31. As a result of the violation of their constitutional rights by defendants CITY and/or DOES 1-10, Plaintiff sustained the injuries and/or damages as alleged heretofore in this Complaint.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

**(Survival action: Violation of decedent's civil rights)**

**(42 U.S.C. § 1983)**

(Plaintiff against Defendants VIZARRA, BRAMBILA, and DOES 1-10)

32. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 31 of this Complaint.

33. CHRISTIAN PEÑA was forced to endure great conscious pain and suffering because of the Defendants' conduct before his death;

34. CHRISTIAN PEÑA did not file a legal action before his death;

35. Plaintiff, MONICA ORTIZ, a co-successor-in-interest claim damages for the conscious pain and suffering incurred by CHRISTIAN PEÑA, as provided for under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION

**(Wrongful Death – Negligence)**

**(C.C.P. §§ 377.60 and 377.61)**

(Plaintiff against Defendants VIZARRA, BRAMBILA, and DOES 1-10)

36. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 35 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

37. CITY and DOES 1-10, by and through their respective agents and employees, proximately caused the death of Decedent CHRISTIAN PEÑA, Plaintiff MONICA ORTIZ'S husband, on October 2, 2015 as a result of their negligent conduct and/or failure to act as set forth herein,

38. As an actual and proximate result of said defendants' negligence, and the death of Decedent, Plaintiff ORTIZ has sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of her husband, Decedent, in an amount according to proof at trial.

39. Pursuant to California C.C.P. §§ 377.60 and 377.61, Plaintiff has brought this action and claims damages from said defendants for the wrongful death of Decedent, and the resulting injuries and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### NINTH CAUSE OF ACTION

**(Violation of Decedent's Right to Enjoy Civil Rights)**

**(Violation of California Civil Code § 52.1)**

(Plaintiff against Defendants VIZARRA, BRAMBILA, and DOES 1-10)

40. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 39 of this Complaint.

41. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation, and coercion, with Decedent's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code § 52.1.

42. Plaintiff is entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code § 52.1(h).

43. Plaintiff is entitled to treble damages, but in no case less than $4,000.00 and an award of her reasonable attorney's fees pursuant to Civil Code § 52(a).

44. Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00 civil penalty per violation.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### TENTH CAUSE OF ACTION

**(Violation of Decedent's State Statutory Rights)**

**(Violation of California Civil Code § 51.7)**

(Plaintiff against Defendants VIZARRA, BRAMBILA, and DOES 1-10)

45. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 44 of this Complaint.

46. Plaintiff is informed and believes and thereon alleges the conduct of Defendants was motivated by prejudice against CHRISTIAN PEÑA. Defendants violated decedent's rights under California Civil Code § 51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race.

47. Under California Civil Code § 52(b), Defendants are liable for punitive damages for each violation of Civil Code § 51.7, reasonable attorney's fees and an additional $25,000.00 civil penalty per violation.

48. As a proximate result of Defendants' wrongful conduct, decedent suffered

damage as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## ELEVENTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

(Plaintiff against Defendants VIZARRA, BRAMBILA, and DOES 1-10)

49. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 48 of this Complaint.

50. Defendants' above-described conduct was extreme, unreasonable, and outrageous.

51. In engaging in the above-described conduct, defendants intentionally ignored or recklessly disregarded the foreseeable risk that decedent would suffer extreme emotional distress as a result of defendants' conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## TWELVETH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

(Plaintiff against Defendants VIZARRA, BRAMBILA, and DOES 1-10)

52. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 51 of this Complaint.

53. In engaging in the above-described conduct, defendants negligently inflicted emotional distress upon Plaintiff MONICA ORTIZ when they used excessive and unreasonable force against decedent PEÑA, Plaintiff's husband, which proximately and actually caused his death.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRTEENTH CAUSE OF ACTION

**(Assault and Battery)**

(Plaintiff against Defendants VIZARRA, BRAMBILA, and DOES 1-10)

54. Plaintiff re-alleges and incorporates paragraphs 1 through 53 of this Complaint.

55. Defendants' above-described conduct constituted the tortious acts of assault and battery upon decedent.

## JURY DEMAND

Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum according to proof;

2. For special damages in a sum according to proof;

3. For punitive damages in a sum according to proof;

4. For injunctive relief enjoining Defendants from authorizing, allowing, or ratifying the practice by any police officer employee of Defendants from using excessive and unreasonable force against persons, pursuant to California Civil Code Section 52.1;

5. For violation of California Civil Code § 52.1, statutory damages, and reasonable attorney's fees;

6. For violation of California Civil Code § 52(b), punitive damages against Defendant sheriffs/police, $25,000.00 for each offense and reasonable attorney's fees;

7. For reasonable attorney's fees pursuant to 42 U.S.C. § 1988;

8. For cost of suit herein incurred; and

9. For such other and further relief as the Court deems just and proper.

Dated:  June 27, 2016                    **LAW OFFICES OF JOHN L. BURRIS**

                                                         ___/s/  *DeWitt M. Lacy*_____
                                                         DeWitt M. Lacy Esq.,
                                                         Attorney for Plaintiff